Filed 9/12/23  P. v. Williams CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEMONDRE L. WILLIAMS,<br><br>    Defendant and Appellant. | E080260<br><br>(Super.Ct.No. FSB1400060)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Alexander R. Martinez, Judge.  Affirmed.

Demondre L. Williams, in pro. per.; Shay Dinata-Hanson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Demondre L. Williams appeals from the trial court's order denying his petition for resentencing pursuant to Penal Code[1] former section 1170.95 (now renumbered to section 1172.6).  For the reasons set forth *post*, we affirm.

## STATEMENT OF THE CASE

On August 27, 2014, an information charged defendant with murder under section 187, subdivision (a) (count 1), and felon in possession of a firearm under section 29800, subdivision (a) (count 2).  The information also alleged that as to count 1, defendant used and discharged a firearm under section 12022.53, subdivisions (b), (c) and (d); as to both counts 1 and 2, defendant committed the offenses for the benefit of a criminal street gang under section 186.22, subdivisions (b)(1)(A) and (C); and defendant had suffered a prior prison term under section 667.5, subdivision (b).

On October 30, 2014, a jury found defendant guilty of first degree murder (count 1) and unlawful possession of a firearm (count 2).  The jury also found true that as to count 1, defendant personally used and discharged a firearm, that such discharge caused great bodily injury or death; and as to counts 1 and 2, defendant committed the offenses for the benefit of a gang.

On December 2, 2014, the trial court sentenced defendant as follows: (1) count 1—indeterminate term of 50 years to life, consisting of 25 years to life for count 1 and 25 years to life for the personal use and discharge of a firearm finding; (2) count 2—upper term of three years for possession of a firearm by a felon; (3) a

---

[1]  All further statutory references are to the Penal Code unless otherwise specified.

consecutive upper term of four years for the gang enhancement; and (4) a consecutive one-year term for the prison prior.

On June 13, 2022, defendant filed an in pro. per. petition for resentencing under section 1172.6. In the petition, defendant argued that he could not currently be convicted of murder due to changes made to sections 188 and 189. He also requested appointment of counsel.

The People filed an opposition on July 19, 2022. In the opposition, the People stated that defendant "was not convicted of felony murder, murder under the natural and probable consequences doctrine or any other theory under which malice is imputed based solely on that person's participation in a crime. [¶] Defendant was prosecuted and convicted as the sole and actual shooter/killer of the victim."

On October 28, 2022, appointed counsel for defendant filed a brief in support of defendant's petition. Defense counsel argued that defendant "ha[d] set forth a prima facie showing of entitlement to relief," and requested the court to issue an order to show cause.

On November 4, 2022, the trial court denied defendant's section 1172.6 petition. The court stated: "After reading the paperwork and specifically making specific reference to the documentation that the defendant himself submitted attached to his Petition for Resentencing on June the 13th, the court is going to make the finding that the defendant has failed to make a prima facie showing that he is entitled to relief. Specifically[,] he's failed in his requirement per Penal Code 1172.6 subsection (a) subsection (3), the requirement that he has to show that he could not presently be

3

convicted of murder under the new laws.  [¶]  The court having reviewed the paperwork that he has submitted, the information that's been provided, the defendant was not prosecuted under the felony murder rule or under the natural and probable consequences doctrine when it comes to how it's defined under 1172.6.  He was the sole individual charged with the homicide, the actual killer it appears.  The jury instructions that he attached and the—all stated that he was simply prosecuted under first degree and second degree murder with malice aforethought."

On November 29, 2022, defendant filed a timely notice of appeal.

## DISCUSSION

Counsel has filed a supplemental brief under the authorities of *People v. Wende* (1979) 25 Cal.3d 436, *Anders v. California* (1967) 386 U.S. 739, and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  In the brief, pursuant to *Anders*, appellate counsel has identified the following issues to assist the court in its search of the record for error:

1.  "Did the petition for resentencing filed on June 13, 2022, state a prima facie case for resentencing under Penal Code section 1172.6, subdivision (c)?"

2.  "Did the trial court properly find [defendant] was ineligible for resentencing as a matter of law?"

On June 6, 2023, we sent notice to defendant regarding the filing of a *Delgadillo* brief, as follows:  "Counsel for appellant has filed a brief stating no arguable issues can be found.  Because this is an appeal from the denial of a post-conviction proceeding, this court is not required to conduct an independent review of the record but may do so in its

4

discretion.  (*People v. Delgadillo* (2022) 14 Ca1.5th 216 []; *People v. Serrano* (2012) 211 Ca1.App.4th 496.)  The appellant is personally granted 30 days to file any supplemental brief deemed necessary.  If appellant files a supplemental brief, this court will evaluate the specific arguments presented in that brief in its opinion.  (*Delgadillo*, *supra*, 14 Ca1.5th 216 [].) Failure to timely file a supplemental brief may result in the dismissal of the appeal as abandoned.”

On July 3, 2023, defendant filed an eight-page typewritten supplemental brief. In the brief, defendant contends that his “sentence is in violation of California Penal Code Sec. 654.”  (All caps. omitted.)  However, this is not an appeal from defendant’s conviction or sentence in the underlying case.  Here, defendant appealed from the trial court’s ruling on his petition for resentencing at the “PC 1172.6 Hearing.”  Defendant’s argument is not cognizable in a proceeding for postconviction relief under section 1172.6. Our review on this appeal is limited to the trial court’s ruling on defendant’s section 1172.6 petition.

Defendant also argues that his trial counsel provided ineffective assistance of counsel (IAC) for failing to make an objection pursuant to section 654.  We decline to address defendant’s IAC claim regarding his underlying sentence.  Such claims of IAC are “more appropriately decided in a habeas corpus proceeding.”  (*People v. Mendoza Tello* (1997) 15 Cal.4th 265, 266-267.)

Furthermore, defendant contends that his appellate counsel rendered IAC because she only sent him two letters and informed defendant that she was filing a “ ‘no-issues

brief[,]' . . . [which] has nothing to do with [defendant's] Habeas Petition No. E0802260[2] nor does the brief make mention of penal code sec. 654."

We note again that this appeal is an appeal from the trial court's denial of defendant's section 1172.6 petition. This is neither an appeal from the underlying case nor a habeas corpus petition. Hence, appellate counsel did not render IAC by failing to mention any habeas petition or section 654. Moreover, an appellate counsel does not commit IAC by filing a "no-issues" brief, such as a *Wende* or *Delgadillo* brief, because an "appellate court review[s] the entire record to determine whether there is any arguable issue." (*People v. Kelly* (2006) 40 Cal.4th 106, 119.) In *Delgadillo*, the California Supreme Court held that "[w]hen appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232.) "If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues. [Citations.] . . . While it is wholly within the court's discretion,

_____

[2] This case number referenced by defendant is the case number of this current appeal. Nothing in the record of case No. E080260 contains a habeas petition.

6

the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal." (*Id.* at p. 232.)

Here, defendant responded to this court's *Delgadillo* order and filed a supplemental brief. We have addressed the issues raised in his supplemental brief and furthermore exercised our discretion to conduct our own independent review of the record. There are no arguable issues; we agree with the trial court that, as a matter of law, defendant was ineligible for resentencing as to his murder conviction; he was the sole perpetrator who killed the victim.

Based on the above, and our independent review of the record, we find that the trial court correctly determined defendant is ineligible for relief under section 1172.6. (*Delgadillo*, *supra*, 12 Cal.5th at p. 233.)

## DISPOSITION

The order denying defendant's petition for resentencing under section 1172.6 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

FIELDS
J.

7